# Alker & Rather, LLC

**James C. Rather, Jr.**
jrather@alker-rather.com

May 15, 2018

**VIA U.S.MAIL & EMAIL (dturnips333@gmail.com)**
Ms. Dory Turnipseed
854 Joe Yenni Blvd. Apt. 23
Kenner, LA 70065

  **Re:** **Request for Accommodation**

Dear Ms. Turnipseed:

  I represent Tonti Management in connection with your request for accommodation under the Fair Housing Act, 42 U.S.C. §3601, *et seq.* ("FHA"). On May 9, 2018, you initially requested an accommodation of my client's policies and procedures relative to animal weight restrictions, fees and deposits. In particular, on May 9, 2018, you submitted information indicating that, after moving in on April 13, 2018, a social worker who remotely assessed you via the Internet and telephone from Aventura, Florida on March 23, 2018 prescribed an Emotional Support Animal on May 5, 2018, only after your healthcare provider at Ochsner refused to do so. You have never been seen by the remote social worker, Mr. Friedman, and only spoke to him briefly by telephone.

  You described the animal as a 6 year-old, thirty-five pound Plott-Hound mix named Sasha. You have had Sasha since 2013. On March 30, 2018, you completed a guest card indicating that you had no animals. You applied for the apartment that same day, again signing an application clearly stating you had no animals and that all statements on the application were true and complete. On April 13, 2018, you signed the Lease and Animal Disclosure and Lease Addendum, stating for the third time you had no animals. On May 9, 2018, you suddenly disclosed the existence of Sasha, not as the very same pet you have had for 5 years and failed to disclose, but as a newly-prescribed Emotional Support Animal you had "no idea your doctor would prescribe."

  Based upon the information presented, my client must deny your request because the information fails to satisfy essential elements of the FHA. Moreover, in addition to the questionable circumstances described above, the social worker's letter appears to have been purchased off of the Internet. You stated your own healthcare provider at Ochsner declined to write a prescription for an ESA, presumably because he thought it would be of no therapeutic benefit, or you did not meet the criteria.

Ms. Dory Turnispseed<br>
May 15, 2018<br>
Page 2

In the meantime, my client is aware that you have brought the animal into your apartment even though it violates the Lease and you agreed not to do so in two separate telephone conversations. Violations of the Apartment Lease and incorporated Animal Disclosure and Lease Addendum result in a $600.00 fee plus an additional deposit of $450.00, for a total amount due of $1,050.00. You are responsible for this amount, which is due now. Please make payment within 48 hours, and cease and desist from bringing any unauthorized animals onto the property. Otherwise, my client may exercise its right to file for eviction should you again fail to comply with the terms of your lease.

If you have any additional information you wish my client to consider, please send it to me no later than the close of business tomorrow so we may continue this collaborative process.

Sincerely,

James C. Rather, Jr.