## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DORY TURNIPSEED** | * | **CIVIL ACTION NO.:** |
| | * | **2:18-cv-5187** |
| **VERSUS** | * | |
| | * | **SECTION: "J" (4)** |
| **APMT, LLC D/B/A** | * | |
| **"TONTI MANAGEMENT"** | * | **JUDGE CARL J. BARBIER** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **KAREN WELLS ROBY** |
| | * | |
| | * | **JURY TRIAL REQUESTED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
## TO COMPEL ARBITRATION AND STAY

MAY IT PLEASE THE COURT:

Defendant, APMT, LLC D/B/A "TONTI MANAGEMENT," (hereinafter "Tonti" or defendant) respectfully offers this Memorandum in Support of its Motion to Compel Arbitration and Stay.

**A. BACKGROUND FACTS**

As the Court is aware from prior pleadings, plaintiff claims Tonti violated the Fair Housing Act, 42 U.S.C.§ 3601, *et seq.* ("FHA") by denying her request for reasonable accommodation of its animal fee and weight restrictions to allow her thirty-five (35) pound dog "Sasha" to live in her apartment. (Rec. Doc. 24, ¶¶ 1, 45-56). On April 13, 2018, plaintiff leased apartment 854-23 at Sunlake Apartments in Kenner, Louisiana. In connection with her lease, she signed an arbitration agreement agreeing to submit to arbitration any and all claims against Tonti for liability or in connection with her lease or her occupancy of the premises.[1] Atop the agreement is a bolded and

---

[1] Arbitration Agreement, Attached hereto as Ex. 1.

1

capitalized title saying "**ARBITRATION**," below which states, "**Please Read Carefully**."[2]   Plaintiff also agreed to submit to arbitration any disputes, claims or controversies regarding the scope, validity or enforceability of the Arbitration Agreement.[3]   The Agreement explicitly advised plaintiff of the desirability of seeking the advice of counsel prior to signing the lease and the agreement to arbitrate. Plaintiff's signature is affixed to the bottom of the agreement, along with the signature of Tonti's leasing agent.

## B. LAW AND ARGUMENT

There is a "strong federal policy favoring arbitration," and the Court must resolve "any ambiguity as to the availability of arbitration in favor of arbitration." Paine Webber Inc. v. The Chase Manhattan Private Bank, 260 F.3d 453 (5th Cir. 2001), citing Fedmet Corp. v. M/V Buyalyk, 194 F.3d 674, 676 (5th Cir.1999). The U.S. Supreme Court recently weighed in on the strong public policy in favor of enforcing arbitration agreements, stating: "Indeed, we have often observed that the Arbitration Act requires courts rigorously to enforce arbitration agreements according to their terms…." Epic Systems Corp. v. Lewis, 2018 WL 2292444 (S. Ct. 5/21/18).  As a matter of public policy, arbitration is favored in lieu of a judicial forum.  Dean Witter Reynolds, Inv v. Byrd, 470 U.S. 213 (1985).  The Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that the court direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Id. At p. 218.

A two-step inquiry governs whether parties must be compelled to arbitrate a dispute. Banc One Acceptance Corp. v. Hill, 367 F.3d 426 (5th Cir. 2004).  "First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any statute or policy renders the claim non-arbitrable." Id, citing R.M. Perez &

---

[2] Id.
[3] Id.

Assoc., Inc. v. Welch, 960 F.2d 534, 538 (5th Cir 1992). Courts may not consider the merits of the action in conducting this two-step inquiry. Id.

### 1. The Parties Agreed to Arbitrate This Dispute

The first step of the process entails determining "whether there is a valid agreement to arbitrate between the parties; and… whether the dispute in question falls within the scope of that arbitration agreement." Id., citing, Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir.1996). State law determines the answers to these questions. Id. "(O)nce a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration." Id., citing Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir.2002). In Louisiana, contracts are the law between the parties. La. C.C. art. 1983; Clovelly Oil Co., LLC v. Midstates Petroleum Co., LLC, 2012-2055 (La. 3/19/13), 112 So.3d 187. Leases are contracts between the lessor and lessee. Caskey v. Kelly Oil Co., 98-1193 (La. 6/29/99), 737 So.2d 1257.

Here, plaintiff admits she signed a six month lease with Tonti on April 13, 2018. (Rec. Doc. 23 ¶12). The arbitration agreement, also signed on April 13, 2018, formed part of her apartment lease. Plaintiff acknowledged this on page six of the lease, as directly above her signature she agreed as follows, "**Apartment Lease and all Addenda thereto (if any) constitute the entire agreement of the parties**."[4] Accordingly, under Louisiana law there is a valid and binding contractual agreement to arbitrate between the parties.

Satisfying the second element of Banc One, supra, this dispute falls squarely within the scope of the arbitration agreement. Plaintiff agreed to arbitrate "any and all claims between the parties for liability, personal injury or illness damages, property damages or expenses arising out of, relating to, or in connection with the lease, (and) the occupancy of the premises… as well any disputes, claims or

---

[4] Apartment Lease, attached hereto as Exhibit 2. (Emphasis in Original).

controversies regarding the scope, validity and/or enforceability of this Arbitration Agreement…." This claim for alleged violations of the FHA clearly arises out of, relates to and is in connection with plaintiff's lease and her occupancy of the apartment. She admits as much in her First Amended Complaint. (Rec. Doc. 24 ¶¶ 3, 12-14, 17-25, 33-39, 41, 42, 48, 50, 51, 53-55, 59, 60, 61, 63, 66-69). This dispute would not exist but for plaintiff's April 13, 2018 lease and her occupancy of the apartment. Indeed, she claims Tonti is liable for violating the FHA by not making accommodations to its lease and allowing her to occupy the apartment with her dog, "Sasha." These claims of "liability" go to the heart of the lease and her occupancy of the premises.

Moreover, plaintiff claims she sustained illnesses, injuries and damages as a result of Tonti's purported failure to accommodate, alleging "irreparable loss and injury including but not limited to, mental anguish, loss of dignity, emotional distress, humiliation and loss of her right to equal housing opportunities regardless of disability." (Rec. Doc. 24, ¶¶ 55, 63, and 69). She claims she was "so distraught over her pending eviction that she was involuntarily committed to Seaside Behavioral Hospital for major depression so acute she was deemed a danger to herself. (Rec. Doc. 24, ¶¶ 34, 66 and 37). She has prayed for an award of compensatory damages, punitive damages, and attorneys' fees and costs, among other things. (Rec. Doc. 24, pgs. 11, 13 and 14). These claims for damages- which clearly allege personal injuries and illnesses arising out of her lease and occupancy of the premises- fall squarely within the terms of the arbitration agreement.

For the foregoing reasons, it is without question: (1) there is a valid agreement to arbitrate, and (2) this dispute falls within the scope of the arbitration agreement.

    **2.**    **No Statute or Policy Renders this Dispute Non-Arbitrable**

No statute or policy renders this FHA dispute non-arbitrable. Courts have long-upheld arbitration agreements in the fair housing context. In Kothe v. AIMCO, 2007 WL 2725975 (D. Kan.

2007), plaintiff argued that FHA disputes are non-arbitrable, claiming without support that the FHA superseded the Federal Arbitration Act, 9 U.S.C. §1, *et seq*.  The Court rejected this argument.  In so doing, the Court acknowledged the long line of cases standing for the proposition that the FHA was "designed to operate like other civil rights laws."  Id at p. 2. Since arbitration is routinely compelled in cases involving Title VII, Americans with Disabilities Act and Age Discrimination in Employment Act,[5] the Court reasoned that it must also be compelled in FHA disputes.  See also, Davis v. Fenton, 26 F.Supp.3d 727 (N.D. Il. 2/7/14); and Selden v. Airbnb, Inc., 2016 WL 6476934 (D.D.C).

Accordingly, both Banc One factors have been satisfied; namely, the parties agreed to arbitrate this dispute and there are no statutes or policies rendering this dispute non-arbitrable. "(T)he Arbitration Act requires courts rigorously to enforce arbitration agreements according to their terms…."  Epic Systems Corp. v. Lewis, 2018 WL 2292444 (S. Ct. 5/21/18).  The terms of this arbitration agreement must be rigorously enforced.  This matter belongs in arbitration.  Tonti respectfully prays for an Order staying these proceedings to allow arbitration to proceed in due course.

### C. **CONCLUSION**

For the foregoing reasons Tonti prays for an Order compelling arbitration and staying this proceeding.

Date:   July 5, 2018                              Respectfully submitted,

/s/ *James C. Rather, Jr.*
JAMES C. RATHER, JR. (#25839), T.A.
ALKER & RATHER, LLC
4030 Lonesome Road, Suite B
Mandeville, LA 70448
Telephone: (985) 727-7501
Fax No.: (985) 727-7505
**ATTORNEY FOR DEFENDANT**

---

[5] It is a matter of hornbook law that civil rights disputes may be compelled into arbitration.  See, Circuit City v. Adams., 532 U.S. 105 (2001); Textile Workers Union v. Lincoln Mills, 353 U.S. 448 (1957); Rent-A-Center West v. Jackson, 561 U.S. 63 (2000); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the Court's CM/ECF system to all counsel of record, this 5th day of July, 2018.

/s/ *James C. Rather, Jr.*
JAMES C. RATHER, JR.