UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORY TURNIPSEED | CIVIL ACTION |
| VERSUS | No. 18-5187 |
| APMT, LLC, d/b/a TONTI MANAGEMENT | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion to Compel Arbitration* **(Rec. Doc. 26)** filed by Defendant, APMT, LLC, doing business as "Tonti Management." Plaintiff has filed an opposition (Rec. Doc. 27) and Defendant filed a reply (Rec. Doc. 31). Having considered the Motion, the legal memoranda, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, a Louisiana resident, complains that her lessor, Defendant, violated the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"), by denying her request for an allegedly reasonable accommodation—allowing her dog, Sasha, to live with her in her apartment, despite Sasha's non-compliance with Defendant's weight restriction for pets. Defendant is Tonti Management, a Louisiana LLC that operates and manages 14 properties and over 3,000 apartments in Jefferson Parish, Louisiana. (Rec. Doc. 31). The apartment where Plaintiff lived, Sunlake, is a multi-family apartment community with a total of 1,058 apartments. (Rec. Doc. 31-1).

Plaintiff claims she suffers from an anxiety disorder that worsened to the point where she became a danger to herself. Plaintiff alleges the decline in her mental health was due at least in part to the dispute that ensued with Defendant over Defendant's pet policy. (Rec. Doc. 24). After Plaintiff filed suit, Defendant motioned this Court to compel arbitration and to stay this proceeding per an arbitration agreement attached to the lease agreement.

## **APPLICABLE LAW AND PARTIES' ARGUMENTS**

Determining whether parties should be compelled to arbitrate is a two-step determination: first the Court must find whether a valid arbitration agreement exists and second, whether there is any federal statute or policy that renders the claims not subject to arbitration. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). The first step is further divided into two inquiries: (1) whether the parties agreed to arbitrate and (2) whether the parties' dispute falls within the scope of the arbitration agreement. *Id.* "Whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." *Woodmen of the World Life Ins. Soc'y/Omaha Woodmen Life Ins. Soc'y v. JRY*, 320 Fed. Appx. 216 (5th Cir. 2009). In challenging the first step, Plaintiff argues that there is no valid arbitration agreement in this case because (1) the Federal Arbitration Act ("FAA") "applies exclusively to contracts regarding transactions involving commerce" and a residential lease, such as this one, does not involve interstate commerce and (2) that the arbitration clause should be struck as adhesive and unconscionable.

# DISCUSSION

## I. THE FAA IS APPLICABLE

Plaintiff states correctly that the FAA applies only to contracts regarding transactions involved in maritime or interstate commerce. 9 U.S.C. § 1-2. Plaintiff, citing several district court opinions,[1] argues that a residential lease, such as the one involved here, "does not in any way involve commerce." (Rec. Doc. 27 at 3). The Supreme Court has found that in drafting the FAA, it was Congress's intent to exercise its "commerce power to the full." *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 277 (1995). Therefore, Plaintiff's argument is essentially that the rental market for multi-unit apartment buildings is beyond Congress's regulatory reach. This is a proposition the Supreme Court has summarily rejected:

> The rental of real estate is unquestionably such an activity [affecting interstate commerce]. We need not rely on the connection between the market for residential units and "the interstate movement of people," to recognize that the local rental of an apartment unit is merely an element of a much broader commercial market in rental properties. The congressional power to regulate the class of activities that constitute the rental market for real estate includes the power to regulate individual activity within that class.

---

[1] *Jeffers v. Babera Mgmt. Corp.*, No. CV 14-00787-RGK ASX, 2014 WL 2526960, at *2 (C.D. Cal. June 3, 2014) ("The Court finds that this residential lease agreement for California property, entered into by California residents, did not affect interstate commerce."), *Saneii v. Robards*, 289 F. Supp. 2d 855, 860 (W.D. Ky. 2003) ("Bearing in mind the historical intrastate nature of residential property transactions, as well as the Supreme Court's analysis of purposes of the FAA, the Court concludes that a residential real estate sales contract does not evidence or involve interstate commerce."), *Garrison v. Palmas Del Mar Homeowners Ass'n, Inc.*, 538 F. Supp. 2d 468, 473 (D.P.R. 2008) ("The FAA generally does not apply to residential real estate transactions that have no substantial or direct connection to interstate commerce, regardless of whether said transactions involve out-of-state purchasers."), *SI V, LLC v. FMC Corp.*, 223 F. Supp. 2d 1059, 1062 (N.D. Cal. 2002) ("An agreement to sell real property between an in-state buyer and an out-of-state seller does not involve interstate commerce as defined in the FAA.").

*Russell v. United States*, 471 U.S. 858, 862 (1985); *see also Groome Res. Ltd., L.L.C. v. Par. of Jefferson*, 234 F.3d 192, 206 (5th Cir. 2000). The FAA applies here so long as there is a valid agreement to arbitrate. However, even if this Court found that the FAA did not apply, that finding would have little effect in this case because a strong presumption in the enforceability of arbitration agreements exists under Louisiana law, as well as federal law. *Aguillard v. Auction Mgt. Corp.*, 908 So. 2d 1, 18 (La. 2005).

## II. THE AGREEMENT IS ENFORCEABLE ACCORDING TO LOUISIANA LAW

Plaintiff argues the presumption in favor of arbitrability is without effect, because the Parties never entered into a valid arbitration agreement. Plaintiff argues she prevails on three of four factors employed by the Louisiana Supreme Court in determining whether arbitration clauses are procedurally unconscionable: "(1) the physical characteristics of the arbitration clause, (2) the distinguishing features of the arbitration clause, (3) the mutuality of the arbitration clause, and (4) the relative bargaining strength of the parties." *Duhon v. Activelaf, LLC*, —So. 3d—, 2016 WL 6123820 (La. 10/19/16), cert. denied, 137 S. Ct. 2268 (2017). The Court finds that all four factors weigh in favor of enforcement.

First, the arbitration agreement appears to be printed in larger font than the main text of the lease—this not a case where fine print is hidden in a footnote. (Rec. Doc. 32-1). Second, the arbitration "clause" is actually a full arbitration agreement, written on its own page, entitled, "ARBITRATION," and featuring the admonition,

"Please Read Carefully." The arbitration title appears larger than the title of the lease. Third, Plaintiff concedes that the agreement here is mutually binding. Finally, the Court disagrees that there was a drastic difference in bargaining power here. Although Tonti is doubtlessly a wealthier and more sophisticated party, Plaintiff fails to explain why she needed to enter a 6-month lease with Tonti and could not obtain housing from some other entity or individual. *See Aguillard*, 908 So. 2d at 17 (finding fourth factor weighed in favor of enforceability because plaintiff "does not indicate that [real estate auction transaction] was such a necessary transaction to establish the plaintiff was compelled to enter it."). Thus, the arbitration agreement is not adhesionary and so the Court finds that the Parties "agreed to arbitrate." *Banc One*, 367 F.3d at 429. Plaintiff does not contest that the dispute is within the scope of the arbitration agreement; the Court will compel arbitration unless some federal law or policy prohibits arbitration of Plaintiff's claims.

### III. NO FEDERAL LAW OR POLICY PROHIBITS ARBITRATION

Plaintiff argues against compelling arbitration because she cannot afford to arbitrate and therefore, Congress's policy of allowing fee-shifting for FHA claims renders her claims not arbitrable. The lease states that, "each party shall be responsible for his/her/its own deposits, costs, fees (including but not limited to attorney's fees) and expenses associated with arbitration." (Rec. Doc. 27). Plaintiff's argument bears a resemblance to what was urged in *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 236 (2013). There, plaintiffs complained that

enforcement of arbitration provisions eliminated their ability to go forward with a class action, which was the only economically feasible way for plaintiffs to bring their claims. *Id.* There, as in this case, plaintiffs argued that the arbitration agreement thus acted as a "waiver of a [plaintiff's] *right to pursue* statutory remedies." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 653 (1985). The Supreme Court rejected that argument: "the fact that it is not worth the expense involved in proving a statutory remedy does not constitute the elimination of the right to pursue that remedy." *Id.* Given that Plaintiff's *right to pursue* her remedy has not been eliminated in this case, the Court cannot find that the FHA prohibits enforcement of the arbitration agreement in this case. *Id.*

Moreover, other courts have considered Plaintiff's argument and rejected it. *See, e.g.*, *Kothe v. AIMCO*, No. 06-2097-CM, 2007 WL 2725975, at *2 (D. Kan. Sept. 17, 2007) (noting that "arbitration can be compelled for claims under the Age Discrimination in Employment Act, the Americans with Disabilities Act, and Title VII" and "[l]ogically, if arbitration can be compelled for claims under other civil rights laws, then . . . arbitration can be compelled for claims under the Fair Housing Act"). The Court acknowledges the presence of competing interests, but Congress's decision to *allow* fee-shifting under the FHA is not sufficient to negate its specific command that arbitration agreements are to be given full force. Arbitration is compelled by the Parties' bargain; the arbitrator will decide whether the cost and fees provision is enforceable in this case.[2]

---

[2] The Court makes no comment on the enforceability of the provision.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Compel Arbitration* **(Rec. Doc. 26)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall be required to submit her claims to arbitration.

**IT IS FURTHER ORDERED** that this lawsuit shall be **STAYED** pending completion of the arbitration.

New Orleans, Louisiana, this 13th day of November, 2018.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE