UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DORY TURNIPSEED | * | CIVIL ACTION NO.: |
| | * | 2:18-cv-5187 |
| VERSUS | * | |
| | * | SECTION: "J" (4) |
| APMT, LLC D/B/A | * | |
| "TONTI MANAGEMENT" | * | JUDGE CARL J. BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | KAREN WELLS ROBY |
| | * | |
| | * | JURY TRIAL REQUESTED |

*******************************************************************************

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 41(B) FOR FAILURE TO PROSECUTE**

MAY IT PLEASE THE COURT:

Defendant, APMT, LLC D/B/A "TONTI MANAGEMENT," (hereinafter "Tonti" or defendant) respectfully offers this Memorandum in Support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Failure to Prosecute.

### A. BACKGROUND FACTS

As the Court is aware from prior pleadings, Plaintiff claims Tonti violated the Fair Housing Act, 42 U.S.C.§ 3601, *et seq*. ("FHA") by denying her request for reasonable accommodation of its animal fee and weight restrictions to allow her thirty-five (35) pound dog "Sasha" to live in her apartment. On July 5, 2018, Tonti filed a Motion to Compel Arbitration and Stay (Rec. Doc. 26), arguing that Plaintiff's apartment lease contained a valid and binding arbitration agreement obligating the parties to submit their disputes, including those arising out of the FHA, to arbitration. This Honorable Court agreed. On November 13, 2018, this Honorable Court granted Tonti's Motion to Compel Arbitration and Stay, ordering Plaintiff to submit her claims to arbitration and staying the present lawsuit pending the completion of arbitration (Rec. Doc. 34). It has been almost four years since this Honorable Court's

1

Order and Plaintiff has not submitted her claims to arbitration, nor has she taken any steps to submit her claims to arbitration.

### B. LAW AND ARGUMENT

#### 1. This Court Retains Jurisdiction to Dismiss this Matter

Although the parties agreed to arbitrate and the Court stayed the case pending arbitration, the District Court retains jurisdiction to dismiss for failure to prosecute. According to Federal Rule of Civil Procedure 41(b), if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." As stated in Windward Agency, Inc. v. Cologne Life Reinsurance Co., "an agreement to arbitrate does not completely oust a district court of jurisdiction over the claims subject to arbitration." 123 Fed. Appx. 481, 483 (3 Cir.2005), citing The Anaconda v. American Sugar Refining Co., 322 U.S. 42, 44–45, 64 S.Ct. 863, 88 L.Ed. 1117 (1944); Zosky v. Boyer, 856 F.2d 554, 556 (3d Cir.1988), cert. denied, 488 U.S. 1042, 109 S.Ct. 868, 102 L.Ed.2d 992 (1989). The Windward court held that "other circuits have found that a stay of proceedings pending arbitration contemplates continuing supervision by a court to ensure that arbitration proceedings are conducted within a reasonable amount of time" and "jurisdiction over a Rule 41(b) motion properly serves this end." Id. The Windward court clarified that when "a party fails for many years to abide by a district court order to initiate arbitration proceedings, it is an issue for the district court, and not the non-existent arbitration panel." Id. at 484. The Windward court further explained that the "authority to dismiss for lack of prosecution… is an inherent control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. citing Link v. Wabash Railroad Co., 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

In the present case, this Honorable Court ordered Plaintiff to submit her claims to arbitration on November 13, 2018. Almost four years have elapsed since this order and Plaintiff has taken no steps

2

towards initiating arbitration proceedings. This Honorable Court retains jurisdiction to dismiss this matter for lack of prosecution under Rule 41(b), as Plaintiff has failed to comply with the Court's order.

**2.      Plaintiff's Claims Should be Dismissed with Prejudice for Failure to Prosecute**

Tonti respectfully urges the Court to exercise its jurisdiction and dismiss Plaintiff's claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Law in the Fifth Circuit is clear. Dismissal with prejudice is appropriate for failure to prosecute upon a "showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." Griggs v. S.G.E. Mgmt., L.L.C., 905 F.3d 835, 844 (5th Cir.2018). The Griggs court held that "a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." Id. The facts of Griggs are less egregious than the facts in the present case, as the Griggs court also granted a motion to compel arbitration and stayed the case pending arbitration. Id. at 839. The Griggs case "remained stayed for more than a year, during which time [plaintiff] refused to arbitrate." Id. The Griggs court concluded that the "district court was well within its discretion to dismiss this case for want of prosecution in response to [plaintiff's] disobedience to its prior order." Id. at 845. In Griggs, Plaintiff delayed one year in proceeding to arbitration, and the Court found a sufficient basis to dismiss for failure to prosecute. Here, nearly four years have elapsed since this Court's order compelling Plaintiff to arbitrate her claims, and she has blatantly and intentionally disregarded the Court's order. Dismissal with prejudice is the appropriate remedy.

Similarly, in Renobato v. Compass Bank Corp., 480 Fed. Appx. 764, 765 (5th Cir.2012), defendant filed a motion to compel arbitration, which the court granted and stayed the case pending arbitration. Plaintiff filed two motions for reconsideration, both of which were denied. Id. Three years after the court's order to compel arbitration, the court dismissed the case for failure to prosecute, as

3

plaintiff failed to make any moves towards arbitration. Id. Plaintiff filed a second, identical suit, and the two suits were consolidated upon defendant's motion. Id. at 766. The district court dismissed the second suit because of plaintiff's "refusal to arbitrate his disputes despite a controlling arbitration agreement and an order from this court to do so." Id. The Court held that "the district court did not abuse its discretion by dismissing [plaintiff's] claims with prejudice for failure to prosecute." Id. The Fifth Circuit reasoned that the district court gave plaintiff three years to abide by the order to arbitrate before they dismissed his suit without prejudice. Id.

In the present case, the Court ordered Plaintiff to submit her claims to arbitration on November 13, 2018, almost four years ago. Plaintiff has made no effort whatsoever to initiate arbitration proceedings. Her actions display a "clear record of delay and or contumacious conduct." Furthermore, lesser sanctions would not serve the best interests of justice, as so much time has passed that Defendant's ability to defend this matter would be prejudiced. Plaintiff willfully disobeyed the Court's Order to arbitrate and dismissal of her claims with prejudice is the appropriate remedy pursuant to Fed. R. Civ. P. 41(b).

### C. CONCLUSION

For the foregoing reasons, Tonti prays for an Order dismissing this matter with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Date: August 15, 2022                    Respectfully submitted,

/s/ *James C. Rather, Jr.*
JAMES C. RATHER, JR. (#25839), T.A.
ALKER & RATHER, LLC
4030 Lonesome Road, Suite B
Mandeville, LA 70448
Telephone: (985) 727-7501
Fax No.: (985) 727-7505
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the Court's CM/ECF system to all counsel of record, this 15th day of August, 2022.

/s/ *James C. Rather, Jr.*
JAMES C. RATHER, JR.