UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DORY TURNIPSEED                                  CIVIL ACTION

VERSUS                                           No. 18-5187

APMT, LLC, d/b/a Tonti Management                SECTION: "J"(4)

## ORDER & REASONS

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Failure to Prosecute **(Rec. Doc. 35)** filed by Defendant, APMT, LLC, D/B/A "TONTI MANAGEMENT," on August 15, 2022. On August 23, 2022, Plaintiff Dory Turnipseed filed a Response in Opposition to Defendant Tonti Management's Motion to Dismiss for Lack of Prosecution (Rec. Doc. 36). Defendant filed a Reply Memorandum in support of its Motion to Dismiss (Rec. Doc. 40) on September 6, 2022. Having considered the motions, the parties' arguments, the record of the case, and the relevant law, this Court finds that Defendant's Motion to Dismiss with Prejudice should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff was a tenant in Defendant Tonti Management's apartment building and claims that she has a long history of mental health struggles. Plaintiff states that she was evicted by Defendant Tonti Management and was charged $1050.00 for exercising her rights under the Fair Housing Act by bringing her emotional support animal to her apartment in a period of acute mental crisis.

On May 23, 2018, Plaintiff filed a Complaint alleging that Defendant violated the Fair Housing Act 42 U.S.C. § 3601, by denying her request for an accommodation of waiving the apartment's animal fee and weight restriction to allow Plaintiff's thirty-five (35) pound dog to live in her apartment. On July 5, 2018, Defendant filed a Motion to Compel Arbitration and Stay, arguing that Plaintiff Dory Turnipseed's lease with Defendant subjected her to a valid and binding arbitration agreement obligating the parties to submit their disputes, including those arising under the Fair Housing Act, to arbitration. This Court agreed and on November 13, 2018, granted Defendant's motion, ordering Plaintiff to submit her claims to arbitration and staying the present lawsuit. Since this Court's Order to arbitrate in 2018, almost four years have passed, and Plaintiff has yet to submit her claims to arbitration.

## PARTIES' ARGUMENTS

In the *Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Failure to Prosecute*, Defendant asserts that, because this Court retains jurisdiction to dismiss the matter, this Court should dismiss the matter with prejudice because Plaintiff has yet to submit her claims to arbitration in the last four years. (Rec. Doc. 35, at 2). Defendant asserts that Plaintiff has made no effort to initiate arbitration proceedings and that such inaction displays a "clear record of delay and or contumacious conduct." (Rec. Doc. 35, at 4). Moreover, Defendant argues that lesser sanctions would not serve the best interests of justice, stating that their ability to defend the matter would be prejudiced. (Rec. Doc. 35, at 4).

2

In opposition, Plaintiff argues that her failure to initiate arbitration proceedings was neither intentional nor contumacious because she lacked the financial resources to initiate arbitration proceedings. (Rec. Doc. 36, at 3). Plaintiff asserts that she was not responsible for the delay in the proceedings, because she was awaiting the result of a lengthy administrative process with the U.S. Department of Housing and Urban Development, a circumstance that was not the intentional conduct of Plaintiff or her counsel. *Id.* Furthermore, Plaintiff contends that dismissal with prejudice is the harshest of sanctions, and that her conduct does not justify such a consequence. *Id.* On the contrary, Plaintiff asserts that neither Plaintiff nor her Counsel engaged in conduct amounting to an intentional violation of a court order or rule, nor has she or her counsel engaged in conduct amounting to an intentional delay. *Id.*; *see also* (Rec. Doc. 34, at 7) (ordering only that Defendant's Motion to Compel Arbitration be granted and "that Plaintiff shall be required to submit her claims to arbitration").

In their reply, Defendant maintains that Plaintiff's failure to submit her claims to arbitration as ordered by this Court demonstrates contumacious conduct warranting dismissal with prejudice. (Rec. Doc. 40, at 3). Defendant's position is that Plaintiff disobeyed the Court's Order compelling arbitration and as such, dismissal with prejudice is the appropriate remedy. *Id.*

## **LEGAL STANDARD**

A federal trial court has the authority to dismiss a plaintiff's action because of a failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1997) (finding that

3

a federal court may dismiss an action with prejudice due to a Plaintiff's failure to prosecute); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that the court may dismiss an action *sua sponte* when a plaintiff fails to comply with a court order or to prosecute). A court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or any order of the court, and that such dismissal shall be considered an adjudication on the merits. Fed. R. Civ. P. 41(b). A district court's inherent authority to dismiss an action for a failure to prosecute "is necessary…in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Wabash R.R. Co.*, 370 U.S. at 630-31.

## DISCUSSION

Defendant moves this Court to dismiss the present matter with prejudice because Plaintiff failed to arbitrate after we compelled her to do so nearly four years ago. The "sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (quoting *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967)). As such, the Fifth Circuit has held consistently that "Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, *and* where lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (citation and internal quotations omitted) (emphasis added) (noting that the sanction of dismissal with prejudice is reserved for the most

4

egregious of cases, usually where clear delay and ineffective lesser sanctions are bolstered by at least one aggravating factor).

A dismissal with prejudice for failure to prosecute is only appropriate "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, *and* (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or (3) the record shows that the district court employed lesser sanctions that proved to be futile.*" Berry v. Cigna/ RSI-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (emphasis added). A clear record of delay is found where there have been "significant periods of total inactivity." *Morris v. Ocean Systems*, 730 F.2d 248, 251 (5th Cir. 1984). Moreover, where the Fifth Circuit has affirmed such dismissals with prejudice, the Court found "at least one of three aggravating factors: (1) delay caused by Plaintiff and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)) (internal quotation marks omitted).

Where a Plaintiff has failed to comply with a few court orders or rules, the Fifth Circuit has held that the District Court abused its discretion in dismissing the suit with prejudice. *See e.g. Morris v. Ocean Systems*, 730 F.2d 248, 251 (5th Cir. 1984) (no record clear record of delay or contumacious conduct where counsel twice failed to comply with court imposed deadlines); *Burden v. Yates*, 644 F.2d 503, 504-05 (5th Cir. 1981) (no clear record of delay or contumacious conduct where counsel failed to comply with scheduling and other pretrial orders). A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his

claim." *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985); *see also Rogers*, 669 F.2d at 332 (suggesting alternatives to dismissal, including assessments of fines, costs, or damages, against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings); *Porter v. Beaumont Enterprise & Journal*, 743 F.2d 269, 272 (5th Cir. 1984) (providing plaintiff with a second or third chance following procedural default is a lenient sanction which, when met with further default, may justify dismissal with prejudice); *Brown v. Thompson*, 430 F.2d 1214, 1216 (noting that dismissal with prejudice should be used only in extreme situations, as the court has a wide range of lesser sanctions).

Here, nearly four years have passed since this Court's order to arbitrate, and Plaintiff has not yet submitted her claims to arbitration. However, the record does not reflect contumacious conduct on behalf of the Plaintiff. Nor does the record reflect the use of lesser sanctions designed to spur Plaintiff into initiating arbitration proceedings. Lesser sanctions are available which could serve to remedy the issue before a final order to dismiss the case with prejudice becomes necessary. Granting Defendant's Motion at this time would be unduly harsh, because the Court's previous Order Compelling Arbitration (Rec. Doc. 34) did not provide Plaintiff with a deadline to submit her claims to arbitration by in order to be in compliance.

Accordingly,

## **CONCLUSION**

**IT IS HEREBY ORDERED** that the motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that, should Plaintiff fail to initiate arbitration proceedings within thirty (30) days after entry of this order, Defendant should file a motion to dismiss with prejudice pursuant to this order, and the Court will grant the motion.

New Orleans, Louisiana, this 13th day of October, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE